**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26 cv 22593**

**NIKIA JAMES**

**Plaintiff,**

**vs.**

**JESSIE TRICE COMMUNITY HEALTH SYSTEM INC.,**
**a Florida Not For Profit Corporation,**

**Defendant.**
_________________________________________/

**COMPLAINT**

Plaintiff, ("Plaintiff"), NIKIA JAMES, by and through the undersigned counsel, hereby sues Defendants JESSIE TRICE COMMUNITY HEALTH SYSTEM INC ("Defendant"), and in support aver as follows:

This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. and for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").[1]

This is an action for damages that exceeds $500,000.00 exclusive of interest, attorney's fees and costs.

Plaintiff was employed by Defendant at a facility located in Miami-Dade County, Florida, within this judicial district.

[1] As a result of Defendant's unlawful actions set forth herein, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability, race, and national origin discrimination, retaliation and a hostile work environment in violation of Plaintiff's rights under the Florida Civil Rights Act of 1992 and Florida Statute Section 760, et seq. ("FCRA"). Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendant conducts business within this District.

The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

All conditions precedent to bringing this action have occurred, been performed, or been excused.

Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

**GENERAL ALLEGATIONS**

1. Plaintiff, NIKIA JAMES, was employed by Defendant, JESSIE TRICE COMMUNITY HEALTH SYSTEM INC., as a Dental Assistant from November 16, 2024, through December 17, 2025.
2. Plaintiff worked at Defendant's Miami-Dade County facility within this judicial district.
3. Defendant employs more than fifty (50) employees within a seventy-five (75) mile radius and is a covered employer under the FMLA.
4. Defendant is an enterprise engaged in commerce with annual gross revenues exceeding $500,000.
5. Plaintiff worked more than twelve (12) months and at least 1,250 hours prior to the events described herein.
6. Plaintiff was paid hourly at $24.00 per hour and recorded time through Defendant's ADP timekeeping system.

7. Plaintiff's duties included patient intake, x-rays, assisting procedures, pre-authorizations, patient file management, and sterilization.
8. Plaintiff initially worked approximately 75 hours per week before reducing to 40 hours due to health issues.

**FACTUAL BACKGROUND**

9. During the month preceding her termination, Plaintiff experienced repeated inaccuracies in Defendant's ADP timekeeping system affecting her recorded work hours.
10. Plaintiff reported these discrepancies to Deborah George, who refused to correct them and advised the hours would remain unchanged.
11. Between July 14 and July 16, 2025, Plaintiff suffered a stroke after experiencing panic attacks and chest pain at work.
12. Plaintiff fainted and required emergency medical transport to Memorial Hospital, where she remained hospitalized for three days.
13. Plaintiff notified her supervisors of her condition and requested leave for recovery.
14. Defendant required Plaintiff to use accrued PTO instead of sick leave and warned that failure to do so would result in classification as a "no call, no show" and possible termination.
15. After returning to work, Plaintiff was subjected to humiliating comments by supervisor Yesenia Padron regarding her medical episode.
16. Plaintiff reported these comments to management, but no corrective action was taken.
17. Plaintiff continued to experience dizziness and elevated blood pressure while working.
18. Plaintiff attended therapy sessions related to her condition and informed Defendant in advance of appointments.

19. Plaintiff was suspended for attending a therapy appointment despite providing notice.

20. A similarly situated coworker of white Spanish descent was permitted to leave early for medical reasons without discipline.

21. Plaintiff provided medical documentation to her supervisor regarding her condition and need for leave.

22. After her termination, Plaintiff learned that her documentation had not been submitted to Human Resources and her absences were marked unexcused.

23. Plaintiff complained to Human Resources about leave issues and inquired about FMLA eligibility.

24. During a meeting with Human Resources, Plaintiff experienced a panic attack and was told her job performance requirements remained unchanged regardless of her medical condition.

25. Plaintiff was terminated for attendance-related reasons.

26. Plaintiff suffered lost wages, loss of employment, emotional distress, and loss of employment benefits as a result of Defendant’s actions.

## COUNT I
## FMLA INTERFERENCE

27. Plaintiff repeats paragraphs 1–7, 11–14, 21–23, and 25–26.

28. Plaintiff is an individual entitled to protection under the FMLA.

29. Plaintiff is an employee within the meaning of the FMLA.

30. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

31. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.
34. Plaintiff suffered from a serious health condition, including a stroke requiring hospitalization and ongoing treatment.
35. Plaintiff notified Defendant of her condition and need for leave.
36. Plaintiff requested leave and provided medical documentation.
37. Defendant interfered with Plaintiff's FMLA rights by:

    a. Failing to properly evaluate or designate her leave as FMLA-qualifying;

    b. Requiring Plaintiff to use PTO under threat of termination instead of providing protected leave;

    c. Failing to submit Plaintiff's medical documentation to Human Resources;

    d. Treating her absences as unexcused.
38. As a direct result, Plaintiff was denied protected leave and terminated.
39. Plaintiff suffered damages including lost wages, lost benefits, and other compensation.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the

full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## FMLA RETALIATION

40. Plaintiff repeats paragraphs 1–7, 11–14, 18–20, 23–26.

41. Plaintiff is an individual entitled to protection under the FMLA.

42. Plaintiff is an employee within the meaning of the FMLA.

43. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

44. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

45. Defendant's actions constitute a violation of the FMLA.

46. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

47. Plaintiff engaged in protected activity by:

a. Requesting medical leave;

b. Providing medical documentation;

c. Inquiring about FMLA eligibility;

d. Attending medically necessary therapy appointments.

48. Defendant subjected Plaintiff to adverse actions, including:

a. Suspension for attending a therapy appointment;

b. Threats of termination related to leave usage;

c. Termination for attendance.

49. Plaintiff's protected activity was a motivating factor in Defendant's actions.

50. Similarly situated employees were treated more favorably under similar circumstances.

51. As a result, Plaintiff suffered loss of employment, wages, benefits, and emotional distress.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**FLSA – UNPAID OVERTIME**

52. Plaintiff repeats paragraphs 1–7, 9–10, and 26.

53. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

54. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

55. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

56. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

57. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

58. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

59. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

60. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

61. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

62. Plaintiff regularly worked in excess of forty (40) hours per workweek, including weeks of approximately 75 hours.

63. Defendant maintained control over Plaintiff's time records through its ADP system.

64. Defendant failed to accurately record all hours worked due to known timekeeping inaccuracies.

65. Despite Plaintiff's complaints, Defendant refused to correct the time records.

66. As a result, Plaintiff was not compensated for all hours worked, including overtime hours.

67. Defendant knew or should have known Plaintiff was working uncompensated overtime.

68. Defendant's failure to pay overtime wages was willful.

69. Plaintiff suffered damages in the form of unpaid wages and is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 14, 2026

Respectfully submitted,

/s/: Anthony M. Georges-Pierre

Anthony M. Georges-Pierre, Esq.
Fla. Bar No.: 0533637
***REMER, GEORGES-PIERRE, & HOOGERWOERD, PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone
agp@rgph.law

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

**NIKIA JAMES**

**Plaintiff,**

**vs.**

**JESSIE TRICE COMMUNITY HEALTH SYSTEM INC**
**a Florida Not For Profit Corporation**
**and RYAN HAWKINS, individually,**

**Defendant.**

**SUMMONS IN A CIVIL CASE**

**TO:** JESSIE TRICE COMMUNITY HEALTH SYSTEM INC, through its Registered Agent:

CLYNE, REGINALD J
C/O QUINTAIROS, PRIETO, WOOD & BOYER PA
9300 SOUTH DADELAND BLVD 4TH FLOOR
MIAMI, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
**REMER & GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

________________________________________
CLERK DATE

____________________________________
(BY) DEPUTY CLERK